UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

A. JOSEPH RAETANO,

    Plaintiff,

v.                                                              Case No. 8:09-cv-274-T-23TGW

ROBERT E. GIPE, et al.,

    Defendants.
_____/

## **O R D E R**

The plaintiff sued the defendants for injunctive relief under the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. A September 17, 2009, order (Doc. 22) dismisses this action without prejudice to the right of any party within sixty days to submit a stipulated form of final or judgment or re-open the action upon a showing of good cause. Sixty days later, the plaintiff moved (Doc. 23) for an extension of time to dismiss or re-open the action, and a November 19, 2009, order (Doc. 24) extends to November 30, 2009, the deadline to dismiss or re-open the action. On December 1, 2009, the plaintiff submitted a stipulation (Doc. 25) of dismissal with prejudice. A December 4, 2009, order (Doc. 26) approves the stipulation and dismisses this action with prejudice.

On December 18, 2009, the plaintiff moved (Doc. 27) for an extension of time to move for attorney's fees and costs. A December 21, 2009, order (Doc. 28) denies the motion without prejudice for failure to comply with Local Rule 3.01(g). On January 5, 2010—thirty-one days after the order dismissing this action with prejudice—the plaintiff moved (Doc. 29) for attorney's fees and costs.

Pursuant to Local Rule 4.18, "all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment." The plaintiff's motion is untimely, and the December 4, 2009, order (Doc. 26) dismissing this action with prejudice retains jurisdiction neither to enforce the parties' settlement agreement[*] (which neither party presents to the court) nor to award the plaintiff a reasonable fee.

Additionally, the plaintiff fails to establish entitlement to fees or costs. In an ADA case, "the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. To demonstrate that he is the "prevailing party," the plaintiff must identify a "judicially sanctioned change in the legal relationship of the parties." American Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315, 1321 (11th Cir. 2002) (quoting Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Helath & Human Res., 532 U.S. 598, 605 (2001)); Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach, 353 F.3d 901, 905 (11th Cir. 2003). Although the plaintiff notes that "the results obtained were excellent" (Doc. 29 at 7), the docket shows only that this action was dismissed with prejudice. The December 4, 2009, dismissal order awards the plaintiff no "judicial relief" and effects no "judicially sanctioned change in the legal

---

[*] Even if the parties present the settlement agreement for approval, "enforcement" of a privately negotiated settlement agreement (which is merely a contract between the parties) requires an independent basis for federal jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 382 (1994) ("[E]nforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.").

- 2 -

relationship of the parties." Buckhannon, 532 U.S. at 605 ("We cannot agree that the term "prevailing party" authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief."). The plaintiff's motion (Doc. 29) is **DENIED**.

ORDERED in Tampa, Florida, on January 15, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE